## UNITED STATES FIDELITY & GUARANTY CO. v. NELSON. (No. 7980.)

(Court of Civil Appeals of Texas. Galveston. Jan. 13, 1921.)

**1. Master and servant ⬮385(1)—Compensation not allowed, unless employé incapacitated for at least one week.**

Under Acts 1917, c. 103, pt. 1, § 6 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—8), no compensation can be paid an employé for an injury which does not incapacitate the employé for at least one week.

**2. Insurance ⬮646(1)—Insurance of compensation essential.**

As under the Employer's Liability Act, pt. 1, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246i) and pt. 4, § 2 (article 5246yyyy), employés of subscribers have no right of action against their employer, but are remitted for recovery to the association created by law or the insurance company carrying the risk involved, it is essential to recovery against an insurance company by an employé to show that such insurer was carrying the risk.

Appeal from Galveston County Court; Geo. Q. McCracken, Judge.

Proceeding by Olaf Nelson under the Employer's Liability Act against the United States Fidelity & Guaranty Company for compensation for injuries accidentally suffered by plaintiff, an employé. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

Hunt & Teagle, of Houston, for appellant.
O. S. York, of Galveston, for appellee.

GRAVES, J. In this cause appellee, Nelson, was given a verdict and judgment against appellant, United States Fidelity & Guaranty Company, for $450 as compensation, under the Texas Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz) for injuries alleged to have been accidentally suffered by him while employed by the Sea Board Transportation Company at Galveston.

[1] An examination of the record upon appeal discloses at least two fatal omissions: First, there was no allegation in his petition that Nelson was either partially or totally incapacitated for a period of at least one week, or for any specified length of time; second, there was no proof that appellant, United States Fidelity & Guaranty Company, had insured the payment of any compensation to him as such employé. Section 6, part 1, of the Compensation Act specifically provides that no compensation shall be paid for an injury that does not incapacitate the employé for a period of at least one week. Vernon's Ann. Civ. St. Supp. 1918, art. 5246 —8; Acts 1917, ch. 103, pt. 1, § 6.

[2] By section 3, part 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246i), and section 2, part 4 (article 5246yyyy) of the act, the employés of subscribers have no right of action for damages against their employers, but are remitted for a recovery of the compensation provided for solely to the association created by the law, or the insurance company carrying the risk involved; it necessarily follows that no recovery could be had against a company not shown by the evidence to have sustained any such relation, as was the situation with reference to appellant here.

The judgment is reversed, and the cause remanded.

Reversed and remanded.